UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 9037

Juel McQueen,

             Plaintiff,

v.

Roquemore & Roquemore, Inc.; and DOES 1-10, inclusive,

             Defendants.

Civil Action No.: _____

MAG. JUDGE NETBURN

COMPLAINT

RECEIVED
NOV 13 2014
U.S.D.C. S.D. N.Y.

For this Complaint, Plaintiff, Juel McQueen, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Juel McQueen ("Plaintiff"), is an adult individual residing in Bronx, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Roquemore & Roquemore, Inc. ("Roquemore"), is a Texas business entity with an address of 329 Oaks Trail, Suite 212, Garland, Texas 75043, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Roquemore and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Roquemore at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meet the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Roquemore for collection, or Roquemore was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Roquemore Engages in Harassment and Abusive Tactics

12. In or around August 2014, Roquemore called Plaintiff's cousin and told her that Plaintiff had stolen property in her possession because she was behind on her car payments.

13. In addition, Roquemore called Plaintiff's mother despite already having Plaintiff's contact information.

14. The calls to Plaintiff's cousin and mother caused Plaintiff a great deal of stress and embarrassment.

15. In addition, Roquemore placed at least one call to Plaintiff prior to 8:00 A.M.

### C. Plaintiff Suffered Actual Damages

16. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

17. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff

2

suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Defendants' conduct violated 15 U.S.C. § 1692b in that Defendants contacted Plaintiff's mother and cousin for a purpose other than to confirm or correct location information.

20. Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted Plaintiff before 8:00 a.m.

21. Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with Plaintiff's cousin regarding the Debt.

22. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

23. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

24. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

25. Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF NEW YORK GBL § 349
## ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

27. The acts, practices and conduct engaged in by Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

28. Defendants willfully and knowingly engaged in deceptive acts and practices in violation of NY GBL § 349.

29. Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by Defendants.

30. By virtue of the foregoing, Plaintiff is entitled to recover actual damages, trebled, together with reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against Defendants as follows:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Actual damages, trebled, pursuant to NY GBL § 349;

4. The costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 5, 2014

Respectfully submitted,

By: _____
Sergei Lemberg, Esq. (SL 6331)
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff

5